IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE<br><br>DORADO PUTT PR, LLC<br><br>Debtor | CASE NO. 25-04894 (ESL)<br><br>CHAPTER 11 |

**OPINION AND ORDER**

This case is before the court upon the *Motion for Stay Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8007* filed by the Debtor ("**Motion for Stay**", dkt. #194) requesting stay of the *Opinion and Order* dismissing case (dkt. #174). Also before the court is the *Objection to Debtor's Motion for Stay Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8007* filed by Promethean Fund IV, LP ("**Promethean**") ("**Objection**", dkt. #199).

Factual and Procedural Background

1. On June 22, 2026, the court issued an *Opinion and Order* (dkt. #174)[1] granting the *Motion to (I) Dismiss Chapter 11 Case or, in the Alternative[,] (II) Lift the Automatic Stay* filed by Promethean on November 17, 2025 ("**Motion to Dismiss**", dkt. #31). In pertinent part, the *Opinion and Order* reads as follows:

> The court concludes that Promethean has established *prima facie* that the Debtor filed this bankruptcy petition in bad faith, which constitutes "cause" for dismissal under 11 U.S.C. § 1112(b)(1). The court further concludes that the Debtor's lack of financial distress constitutes an abuse of the bankruptcy process which may not be cured or justified under 11 U.S.C. § 1112(b)(2)'s exceptions to dismissal. As noted above, bankruptcy must seek to preserve or create some value that would otherwise be lost outside of bankruptcy. Dismissal, and not conversion, is in the best interest of the estate. The court finds and concludes that the bankruptcy petition was filed to protect the Gadamses' assets rather than those of the Debtor, effectively reducing the case to a two-party dispute.
>
> For the reasons stated herein, the *Motion to Dismiss* (dkt. #31) is GRANTED and the case is hereby dismissed. Consequently, the court need not decide whether enforcement of or relief from the automatic stay is appropriate.

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Opinion and Order*.

dkt. #174, pp. 32-33, lines 24-8.

2. On June 23, 2026, Promethean requested the appointment of an arbitrator and a hearing date in the arbitration proceeding. See dkt. #194, p. 3 ("[O]n June 23, 2026—just one day after the Dismissal Order—Promethean wrote to JAMS requesting expedited appointment of an arbitrator and an immediate hearing date.").

3. On July 6, 2026, the Debtor filed a *Notice of Appeal* (dkt. #179) of the *Opinion and Order* to the United States Bankruptcy Appellate Panel for the First Circuit, and on July 20, 2026, a *Designation of Items to be Included in the Record on Appeal and Statement of Issues on Appeal* (dkt. 190). See Dorado Putt PR, LLC v. Promethean Fund IV, LP (In re Dorado Putt PR, LLC), BAP No. 26-26.

4. On August 3, 2026, the Debtor filed the *Motion for Stay* (dkt. #194) arguing that the court made several errors that present substantial questions for appellate review, and that Debtor risks immediate enforcement actions that could moot the appeal or substantially undermine the value of any reversal. The harm faced includes permanent loss of the right to reorganize under Chapter 11, including the automatic stay, the exclusive right to propose a plan, and the ability to discharge debts; immediate termination of the automatic stay and resumption of Promethean's arbitration—which Promethean resumed on June 23, 2026, demanding an expedited hearing; permanent loss of the right to reject the LPA under 11 U.S.C. § 365, which would have limited Promethean's claim to rejection damages and enabled the Debtor to pay all creditors, including Promethean, in full; and mootness of the appeal. See dkt. #194, p. 21. Debtor argues that the harm to Promethean from a stay pending appeal is minimal and temporal because Promethean will continue in the same position pending the resolution of the appeal, and that public interest favors meaningful appellate review. The Debtor also requests that a no bond or a nominal bond of $1,000 be ordered under Fed. R. Bankr. P. 8007(e).

5. On August 18, 2026, Promethean filed the *Opposition* (dkt. #199) arguing that Debtor has failed to carry its burden for extraordinary relief by failing to demonstrate a likelihood of success on the merits or that it will suffer irreparable harm absent a stay. They argue that

because Debtor is a non-operating entity with no employees, no revenue, and minimal cash, Promethean's continued prosecution of its rights against the Debtor (and the Gadamses) in arbitration will not result in any business disruption. Promethean argues that the Gadamses' conduct after entry of the *Opinion and Order* confirms this: rather than seeking an immediate stay of the *Opinion and Order*, they Gadamses (in their individual capacities) sued Promethean in the Puerto Rico Court of First Instance, Bayamon Superior Court, and sought a temporary restraining order stopping Promethean from pursuing them—not the Debtor—in the arbitration, which was denied. Promethean also argues that Puttshack's financial condition has deteriorated since the filing of the bankruptcy petition, and that the Debtor will have the opportunity to dispute the capital call in the context of the arbitration proceeding.

## Applicable Law and Discussion

### A. Stay Pending Appeal Standard

"A motion for stay pending appeal is governed by Fed. R. Bankr. P. 8007. The allowance of a motion for stay pending appeal is discretionary." In re MJS Las Croabas Props., 2015 Bankr.LEXIS 1159 at *4, 2015 WL 1651085 at *2 (Bankr. D.P.R. 2015). Courts consider a traditional four-part standard applicable to preliminary injunctions: "(1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies." See Acevedo–García v. Vera–Monroig, 296 F.3d 13, 16, fn. 3 (1st Cir. 2002), citing Hilton v. Braunskill, 481 U.S. 770, 776–777 (1987).

"A motion for stay pending appeal is an extraordinary remedy and requires a substantial showing on the part of the movant. In order to grant the motion for stay pending appeal all four prongs must be satisfied. Failure to meet the four prongs dooms the motion." In re MEDSCI Diagnostics, Inc., 2011 WL 280866 at *3, 2011 Bankr.LEXIS 283 at *8 (Bankr.D.P.R.2011) (citations omitted). "Failure to satisfy even one of those requirements justifies denial of the stay." Gail v. New Eng. Gas Co., 2008 U.S. Dist. LEXIS 102678 at *38, 2008 WL 5245331 at *9 (D.R.I. 2008), citing In re Power Recovery Sys. Inc., 950 F.2d 798, 804 n. 31 (1st Cir. 1991). These

factors are weighed according to the unique circumstances of each case to ensure a just result. See Palazzetti Imp./Exp., Inc., 2002 U.S. Dist. LEXIS 6558 at *7, 2002 WL 562654 at *2 (S.D.N.Y. 2001). In conducting this analysis, the U.S. Supreme Court has stated that the first two factors are the "most critical". See Nken v. Holder, 556 U.S. 418 (2009). Of those factors, the U.S. Court of Appeals for the First Circuit has established that " '[t]he *sine qua non* [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits,' " Acevedo-Garcia, 296 F.3d 13, 16 (1st Cir. 2002), quoting Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993), and that, accordingly, " '[w]hat matters ... is not the raw amount of irreparable harm [a] party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits[.]' " P.R. Hosp. Supply, Inc. v. Boston Scientific Corp., 426 F.3d 503, 507, n. 1 (1st Cir. 2005) (quoting the Massachusetts standard for issuing a preliminary injunction, which "closely tracks the federal standard"). Although the degree of likelihood of success is not determinative, it must be balanced with the hardships caused to the parties if the injunction is not granted. If the movant's showing of probable success on the merits is uncertain, they may be entitled to a preliminary injunction if they demonstrate a strong probability that they will be injured if the court fails to act. See Wright, Miller & Kane, 11A Federal Practice and Procedure § 2948.3 (2nd ed., 2014). To establish irreparable harm, the movant does not need to show that the injunctive relief will be fatal to the business, only that its legal remedies are inadequate. See Ross–Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996).

B. Discussion

The Debtor has not met its burden. First, the Debtor has not demonstrated a likelihood of success on the merits. The *Opinion and Order* is thorough and applies an exhaustive preponderance-of-the-evidence standard. Use of the term "prima facie" in the conclusion does not alter the application of the correct legal standard, especially where, as here, applicable law requires that Promethean (as movant) establish *prima facie* that the petition was filed in bad faith before the burden shifts to the Debtor. Promethean satisfied that initial burden. The Debtor's arguments and evidence in support, including Mr. Gadams' own testimony, failed to rebut

Promethean's *prima facie* showing or establish that the case was filed in good faith. Ultimately, the evidence overwhelmingly supported the finding that the case was filed in bad faith under the preponderance-of-the-evidence standard. The Debtor's arguments to the contrary do not warrant a different conclusion. Success on the merits is thus unsupported and unlikely.

Second, the Debtor had not demonstrated that it will suffer irreparably harm absent a stay. The *Opinion and Order* was entered on June 22, 2026; the Debtor filed the notice of appeal on July 6, 2026, but did not move for a stay until August 3, 2026. This delay undermines the Debtor's assertion that immediate and irreparable harm is likely. If the Debtor truly believes there is a risk of irreparable harm, especially where the automatic stay is no longer in effect, thereby giving Promethean the opportunity to resume the arbitration, and for the Gadamses (in their individual capacities) to seek emergency relief in the state court, the Debtor would not and should not have waited as long as it did. Moreover, the Debtor's asserted harm is speculative and premature. At this stage of the arbitration proceeding, there is no order requiring payment. The Debtor has no ongoing operations, revenue, or employees; has the ability to meet its current expenses; and, is not in imminent or immediate financial distress because its assets exceed its liabilities. Further, the Debtor has the ability to address any capital call or other payment obligation in the arbitration proceeding. The record therefore does not establish that the Debtor will suffer irreparable harm absent a stay.

Because the Debtor has failed to establish either a likelihood of success on the merits or irreparable harm, it has failed to satisfy the first two (2) prongs of the four-part standard applicable to preliminary injunctions. The court need not go any further with its analysis, and declines to address the Debtor's request not to post a bond.

<u>Conclusion</u>

In view of the foregoing, the *Motion for Stay* (dkt. #194) is hereby DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 25th day of August 2026.

Enrique S. Lamoutte
United States Bankruptcy Judge